IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL O'HARE | : |
| Plaintiff, | : Civil Action |
| v. | : |
| | : No. 08-2083 |
| MCLEAN PACKAGING CORPORATION | : |
| | : *Return Date: November 2, 2009* |
| Defendant. | : |

## PLAINTIFF'S MOTION FOR RECONSIDERATION

**KARPF, KARPF, VIRANT AND SWARTZ**

*/s/ Jeremy M. Cerutti*
Jeremy M. Cerutti, Esq.
Ari R. Karpf, Esq.
3070 Bristol Pike
Building 2, Suite 231
Bensalem, PA 19020
215.639.0801
Attorneys for Plaintiff

Dated: October 7, 2009

# TABLE OF CONTENTS

Table of Authorities ................................................................. ii,iii

I.   REASON FOR MOTION............................................. 3

II.  PROCEDURAL HISTORY............................................ 4

III. STANDARD OF REVIEW ............................................ 5

IV.  LEGAL ARGUMENT ................................................. 6

   A.   Plaintiff's Motion for Reconsideration should be granted to
        correct a clear error of law and to prevent manifest injustice.... 6

V.   CONCLUSION ........................................................ 13

## TABLE OF AUTHORITIES

*FEDERAL CASES*

Andersen v. Exxon Co. U.S.A., 89 N.J. 483, 491-92, 446 A.2d 486 (1982)........................7

Bowers v. Nat'l. Collegiate Athletics Ass'n., 130 F.Supp.2d 610, 612 (D.N.J.2001)...........5

Chu-Constable v. Broad U.S.A. Inc., 2006 WL 3359303 (N.J.Super.App.Div.2006)......10

Clowes v. Terminix International Inc., 109 N.J. 575, 590-95, 538 A.2d 794 (1988)...........8

E.E.O.C. v. Yenkin-Majestic Paint Corp., 112 F.3d 831, 835 (6th Cir.1997).....................8

Erickson v. Marsh & McLennan Co., 117 N.J. 539, 549-51, 569 A.2d 793 (1990)............8

Furnco Constr. Corp. v. Waters, 438 U.S. 567, 577, 98 S.Ct. 2943,
57 L.Ed.2d 957 (1978)..................................................................................................8

Geraci v. Moody-Tottrup, Int'l, Inc., 82 F.3d 578, 581 (3d Cir.1996)................................8

Grigoletti v. Ortho Pharm. Corp., 118 N.J. 89, 97-98, 570 A.2d 903 (1990).....................7

Harris v. Amerisourcebergen Corp. 2009 WL 223443, *1 (D.N.J.2009)............................6

Marzano v. Computer Science Corp, Inc., 91 F.3d 497, 502 (3d Cir. 1996)..................9,10

Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999)................................5

McDonnell Douglas, supra, 411 U.S. at 802, 93 S.Ct. at 1824, 36 L.Ed.2d at 677.............8

Mogull v. CB Commercial Real Estate Group, Inc., 162 N.J. 449, 462,
744 A.2d 1186 (2000)...................................................................................................8

Muller v. Exxon Research & Eng'g Co., 786 A.2d 143 (N.Super.Ct.App.Div.2001)....6,11

N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir.1995).............5

O'Connor v. Consolidated Coin Caterers Corp. 517 U.S. 308, 116 S.Ct. 1307
U.S.,1996.....................................................................................................................10

Peper v. Princeton Univ. Bd. of Trs., 77 N.J. 55, 83, 389 A.2d 465 (1978).......................7

Rogers v. Campbell Foundry, Co., 185 N.J.Super. 109, 112-13, 447 A.2d 589
(App.Div.), certif. denied, 91 N.J. 529, 453 A.2d 852 (1982)..........................................7

Spagnoli v. Brown & Brown Metro, Inc., 2007 WL 2362602, *6 (D.N.J.2007)............9,10

Steward v. Sears Roebuck & Co., 312 F.Supp. 719 (E.D. Pa. 2004)................................10

Teamsters v. United States, 431 U.S. 324, 358, 97 S.Ct. 1843, 1866,
52 L.Ed.2d 396 (1977)...............................................................................................10

U.S. v. Compaction Sys. Corp., 88 F.Supp.2d 339, 345 (D.N.J.1999)..............................6

United States v. Jones, 158 F.R.D. 309, 314 (D.N.J.1994)................................................5

Wright v. Nesor Alloy Corp., 2006 WL 2830969, at *11 (D.N.J.2006).............................9

### *STATUTES*

42 U.S.C.A § 2000e-2............................................................................................................7

N.J.S.A. 10:5-4.1...................................................................................................................7

N.J.A.C. 13:13-1.3.................................................................................................................7

Local Civil Rule 7.1(i)..........................................................................................................5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL O'HARE | : |
| Plaintiff, | : Civil Action |
| v. | : |
| | : No. 08-2083 |
| MCLEAN PACKAGING CORPORATION | : |
| Defendant. | : |

## ORDER

**AND NOW,** this _____ day of _____, 2009, upon consideration of Plaintiff's Motion for Reconsideration and any opposition thereto, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion for Reconsideration is **GRANTED**.

_____  J.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL O'HARE | : |
| Plaintiff, | : Civil Action |
| v. | : |
| | : No. 08-2083 |
| MCLEAN PACKAGING CORPORATION | : |
| | : *Return Date: November 2, 2009* |
| Defendant. | : |

## NOTICE OF MOTION FOR RECONSIDERATION

Plaintiff, Daniel O'Hare, by and through his attorneys Karpf, Karpf, Virant and Swartz, hereby submits this Notice of Motion for Reconsideration of the Opinion of Judge Joseph H. Rodriguez issued on September 29, 2009.

                                                       **KARPF, KARPF, VIRANT AND SWARTZ**

                                                     */s/ Jeremy M. Cerutti*
                                                     Jeremy M. Cerutti, Esq.
                                                     Ari R. Karpf, Esq.
                                                     3070 Bristol Pike
                                                     Building 2, Suite 231
                                                     Bensalem, PA 19020
                                                     215.639.0801
                                                     Attorneys for Plaintiff

Dated: October 7, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL O'HARE | : |
| Plaintiff, | : Civil Action |
| v. | : |
| | : No. 08-2083 |
| MCLEAN PACKAGING CORPORATION | : |
| | : *Return Date: November 2, 2009* |
| Defendant. | : |

**PLAINTIFF'S BRIEF IN SUPPORT OF
HIS MOTION FOR RECONSIDERATION**

Plaintiff, by and through his undersigned counsel, hereby avers as follows in support of his Motion for Reconsideration.

I.   **Reason for Motion**

Plaintiff's counsel litigates hundreds of federal employment cases each year and can only recall ever filing a total of 2 motions for reconsideration. Plaintiff's counsel therefore understands the high standard for motions for reconsideration and that they are not intended to simply ask the Court to reconsider a prior view.

One basis for a Motion for Consideration though is when a Court makes an error of law, as discussed *infra*. Plaintiff seeks reconsideration of one discrete issue in this Court's Memorandum concerning Defendant's dispositive motion. This Court dismissed 3 of Plaintiff's 4 claims in his lawsuit. Among the claims dismissed was Plaintiff's claim for perceived disability discrimination under the NJ LAD.

This Court held that there were issues of fact as to that claim if not for Plaintiff being unable to establish that he was replaced in accordance with a *prima facie* test for discrimination. In a case where a Defendant asserts that a plaintiff was terminated due to

3

a reduction in force (as in this case), the Supreme Court and other jurisprudence interpreting Supreme Court holdings have held that a plaintiff need not demonstrate that he or she was replaced as a part of a *prima facie* test.

To hold otherwise would permit a company to expressly terminate 20 of its oldest employees for example based solely on their age or disabilities and avoid liability merely because they did not replace such employees. Plaintiff's undersigned counsel failed to adequately inform this Court of this legal standard in Plaintiff's opposition to Defendant's Motion for Summary Judgment because Plaintiff focused primarily (if not exclusively) on a pretext analysis. Plaintiff however seeks to now ensure that this Court is apprised of the relevant case law in this Motion for Reconsideration and respectfully requests that this Court determine that Plaintiff should be permitted to go to trial on his claim of perceived disability discrimination under the NJ LAD as well as for FMLA retaliation.

## II.   **Procedural History**

Plaintiff ("Mr. O'Hare") filed a Complaint in the United States District Court for the District of New Jersey on April 29, 2008, alleging violations by Defendant of the Family and Medical Leave Act (FMLA) and the New Jersey Law Against Discrimination (NJ LAD). Specifically, Mr. O'Hare asserted that Defendant terminated him in violation of the FMLA and because he was disabled and/or perceived to be disabled.

On February 27, 2009, Defendant filed a Motion for Summary Judgment seeking dismissal of all of Mr. O'Hare's claims. Plaintiff filed a Response to Defendant's Motion for Summary Judgment on April 7, 2009. On September 21, 2009, this Court heard oral argument on Defendant's Motion for Summary Judgment. On September 29, 2009, after

considering the written submissions and oral argument of the parties, this Court issued its Opinion. The Court granted in part and denied in part Defendant's Motion. Specifically, the Court granted Defendant's Motion regarding Plaintiff's FMLA interference claim, NJ LAD disability claim, and his NJ LAD perceived disability claim. The Court, however, denied Defendant's Motion regarding Plaintiff's FMLA retaliation claim.

### III. <u>Standard of Review</u>

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. *Bowers v. Nat'l. Collegiate Athletics Ass'n.*, 130 F.Supp.2d 610, 612 (D.N.J.2001). Local Civil Rule 7.1(i) states:

> A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge. A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion. Unless the Court directs otherwise, any party opposing a motion for reconsideration shall file and serve a brief in opposition within seven business days after service of the moving party's Notice of Motion and Brief. No oral argument shall be heard unless the Judge or Magistrate Judge grants the motion and specifically directs that the matter shall be argued orally.

The standard for reargument is high and reconsideration is to be granted only sparingly. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J.1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) <u>the need to correct a clear error of law or fact or to prevent manifest injustice.</u>" *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *N.*

*River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)) (emphasis added).

The Court should grant a motion for reconsideration when its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *U.S. v. Compaction Sys. Corp.,* 88 F.Supp.2d 339, 345 (D.N.J.1999); *See also Harris v. Amerisourcebergen Corp.* 2009 WL 223443, *1 (D.N.J.2009).

### IV. <u>Legal Argument</u>

#### A. **Plaintiff's Motion for Reconsideration should be granted to correct a clear error of law and to prevent manifest injustice.**

In granting Defendant's Motion for Summary Judgment regarding Plaintiff's NJ LAD perceived disability claim, the Court committed a clear error of law. Specifically, the Court applied the wrong legal standard in determining whether Plaintiff had established a *prima facie* case of perceived disability discrimination.

In its Opinion, this Court stated that the merits of Plaintiff's disability and perceived disability claims would be considered jointly in light of the common burden of proof. *See* September 29, 2009 Opinion at p. 19, Docket Entry No. 23. The Court then explained that claims under the NJ LAD are "established by showing: (1) that Plaintiff was handicapped; (2) that he was otherwise qualified to perform the essential functions of the job, with or without the accommodation provided by the employer; (3) that he nevertheless was fired; and (4) that the employer sought someone else to perform the same work after she left. *Muller v. Exxon Research & Eng'g Co.,* 786 A.2d 143 (N.J. Super.Ct.App.Div.2001)(citing *Clowes v. Terminix Int'l, Inc.,* 538 A.2d 794 (1988))." Opinion at p. 20.

Regarding Plaintiff's perceived disability claim, the Court found that "there is a genuine issue of fact as to whether McLean perceived O'Hare to be disabled." Opinion at p. 24. The Court also found that Plaintiff established all of the *prima facie* elements of his perceived disability claim except the fourth element- that he was replaced or that the employer sought someone else to perform his job.[1] In applying this fourth element, the Court committed a clear error of law.

The New Jersey Law against Discrimination (NJ LAD), among other things, prohibits employers from discriminating against employees based upon a disability or a perceived disability. *N.J.S.A.* 10:5-4.1; *N.J.A.C.* 13:13-1.3; *Andersen v. Exxon Co. U.S.A.*, 89 *N.J.* 483, 491-92, 446 *A.*2d 486 (1982); *Rogers v. Campbell Foundry, Co.*, 185 *N.J.Super.* 109, 112-13, 447 *A.*2d 589 (App.Div.), *certif. denied,* 91 *N.J.* 529, 453 *A.*2d 852 (1982).

In analyzing discrimination claims, New Jersey state courts have generally followed the approach utilized by the federal courts in civil rights cases involving Title VII[2] complaints. *See Grigoletti v. Ortho Pharm. Corp.*, 118 *N.J.* 89, 97-98, 570 *A.*2d 903 (1990); *Peper v. Princeton Univ. Bd. of Trs.*, 77 *N.J.* 55, 83, 389 *A.*2d 465 (1978). The New Jersey Supreme Court has noted that this analytical framework has been "most cogently presented," *See Grigoletti, supra,* 118 *N.J.* at 97, 570 *A.*2d 903, in the United States Supreme Court's seminal decision in *McDonnell Douglas*.

---

[1] Specifically, the Court stated that "McLean does not challenge the other *prima facie* elements, arguing only that O'Hare cannot establish the fourth element of his *prima facie* case: that he was replaced or McLean sought someone to perform the job." Opinion at p. 24.

[2] Civil Rights Act of 1964, 42 U.S.C.A. § 2000e-2.

The familiar elements of that analytical framework, often referred to as the burden-shifting or pretext analysis, are: (1) proof by plaintiff of the *prima facie* elements of discrimination; (2) production by the employer of a legitimate, non-discriminatory reason for the adverse employment action; and (3) demonstration by plaintiff that the reason so articulated is not the true reason for the adverse employment action, but is instead a pretext for discrimination. *McDonnell Douglas, supra,* 411 *U.S.* at 802, 93 *S.Ct.* at 1824, 36 *L.Ed.*2d at 677; *see Mogull v. CB Commercial Real Estate Group, Inc.,* 162 *N.J.* 449, 462, 744 *A.*2d 1186 (2000); *Erickson v. Marsh & McLennan Co.,* 117 *N.J.* 539, 549-51, 569 *A.*2d 793 (1990).

New Jersey courts have repeatedly emphasized the broad remedial nature of the NJ LAD, and have admonished that it should be construed liberally. Courts view the NJ LAD as remedial social legislation deserving of a liberal construction. *Clowes v. Terminix International Inc.,* 109 N.J. 575, 590-95, 538 A.2d 794 (1988).

It is well established that a *prima facie* test remains flexible and must be tailored to fit the specific context in which it is applied, as significant evidence of disparate treatment may create an inference of discrimination. *Geraci v. Moody-Tottrup, Int'l, Inc.,* 82 F.3d 578, 581 (3d Cir.1996); *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978)) (emphasizing that prima facie elements were "never intended to be rigid, mechanized, or ritualistic"); *See also E.E.O.C. v. Yenkin-Majestic Paint Corp.,* 112 F.3d 831, 835 (6th Cir.1997).

<u>Generally</u>, to establish a *prima facie* claim of discrimination in employment, a plaintiff must establish: (1) that she is a member of a protected class; (2) that she was qualified for the position from which she was terminated; (3) that she was terminated

despite being qualified; and (4) that she ultimately was replaced by a person outside the protected class. *Marzano v. Computer Science Corp, Inc.*, 91 F.3d 497, 502 (3d Cir. 1996).

***"However, the Third Circuit has held that the fourth prong of the prima facie case should be relaxed when the employee's layoff occurred in the context of a reduction in force…[r]ather it is sufficient to show that he was discharged, while the employer retained someone outside the protected class."*** *Id.;* See *Spagnoli v. Brown & Brown Metro, Inc.*, 2007 WL 2362602, *6 (D.N.J.2007).

The "evidentiary burden at this stage is rather modest: it is to demonstrate to the court that plaintiff's factual scenario is compatible with discriminatory intent-i.e., that discrimination could be the reason for the employer's action. Indeed, many courts have held that this initial burden is not intended to be onerous. *Marzano*, F.3d at 508; *Wright v. Nesor Alloy Corp.*, 2006 WL 2830969, at *11 (D.N.J.2006).

Thus, in considering the fourth prong of a *prima facie* case of discrimination, the Third Circuit "distinguishes between an analysis of employment discrimination that occurs in the context of a 'straight layoff' and employment discrimination in the context of a reduction in force ("RIF")." *Spagnoli*, 2007 WL 2362602, at * 6, citing *Marzano*, 91 F.3d at 504.

Defendant alleges in this case that there was a reduction in force. In the context of a RIF claim, the Third Circuit has held that the "fourth prong of the *prima facie* analysis should be relaxed and that a plaintiff may prevail in meeting her initial burden by establishing that she was discharged while the employer retained someone outside the

protected class." *Marzano*, 91 F.3d at 502; *Chu-Constable v. Broad U.S.A. Inc.*, 2006 WL 3359303 (N.J.Super.App.Div.2006).

***Therefore, in establishing a prima facie case of employment discrimination in a RIF context, a plaintiff need not show that he was ultimately replaced by a person outside the protected class.*** *Spagnoli*, 2007 WL 2362602, at *6; *Marzano*, 91 F.3d at 502 (finding that because a plaintiff's burden in establishing a *prima facie* claim for discrimination in the context of a reduction in workforce is lower than in the context of a straight layoff, plaintiffs will often benefit from the Court's consideration under this lesser standard)(*see Steward v. Sears Roebuck & Co.,* 312 F.Supp. 719 (E.D. Pa. 2004), rejecting Defendant's contention that an ADEA plaintiff must prove replacement) (*O'Connor v. Consolidated Coin Caterers Corp.* 517 U.S. 308, 116 S.Ct. 1307 U.S.,1996, quoting *Teamsters v. United States,* 431 U.S. 324, 358, 97 S.Ct. 1843, 1866, 52 L.Ed.2d 396 (1977), reasoning that the "proper solution to the problem lies not in making an utterly irrelevant factor an element of the *prima facie* case, but rather in recognizing that the *prima facie* case requires evidence adequate to create an inference that an employment decision was based on a[n] [illegal] discriminatory criterion...").

In this case, since Defendant wholly contends that Mr. O'Hare was terminated as part of a reduction-in-force,[3] the proper *prima facie* analysis should include a determination of whether, at the time of Mr. O'Hare's termination, McLean retained someone who was not disabled or perceived as disabled. *See Spagnoli*, 2007 WL 2362602 at *6.

---

[3] *See* Defendant's Motion for Summary Judgment at p. 8-9, docket entry No. 16, within which Defendant asserts that Mr. O'Hare was subjected to a reduction in force.

10

This Court's reliance on *Muller v. Exxon Research & Eng'g Co* to require that Mr. O'Hare establish that McLean "sought someone to perform the same work after he left" is an error of law. First, the plaintiff in *Muller* brought a claim for disability discrimination based on an alleged failure of the employer to accommodate his disability. *Id.* at p. 602. Thus, the Court in *Muller* was required to decide whether plaintiff was qualified and capable of performing his employment duties; the case did not involve a perceived disability claim or a reduction-in-force. *Id.* Thus, the fourth *prima facie* element outlined in *Muller* is inapplicable to the facts of this case.

Under the proper standard articulated in the aforesaid RIF cases, Mr. O'Hare has established that, at the time of his termination, McLean retained an employee outside the protected class (i.e. someone who was not disabled or perceived as disabled). Specifically, in his response to Defendant's Motion for Summary Judgment, Mr. O'Hare set forth evidence showing that, upon his termination, other managers who were not disabled were retained by Defendant. *See* Plaintiff's Response to Defendant's Motion for Summary Judgment at p. 11, 13, Docket Entry No. 18 and 19.

In addition, it is undisputed that upon Mr. O'Hare's termination, Vince Niroda performed the duties in the shipping department (someone outside of the protected class). *See* Defendant's Motion for Summary Judgment at p. 14, docket entry No. 16; *See* Plaintiff's Response to Defendant's Motion for Summary Judgment at p. 11, 13, docket entry No. 18 and 19.

Thus, based on the record before the Court, Mr. O'Hare has established a *prima facie* case of perceived disability discrimination because he established all of the requisite elements. In granting Defendant's Motion for Summary Judgment regarding Mr.

O'Hare's perceived disability claim solely on the basis that Mr. O'Hare failed to establish that McLean sought someone else to perform the same work after he left, the Court committed a clear error of law. As a result, Mr. O'Hare's instant motion should be granted.

Mr. O'Hare's motion should also be granted to prevent manifest injustice. If the Court were to require plaintiffs in RIF cases to prove, as part of their *prima facie* case, that they were replaced or that the employer sought someone else to perform their duties, plaintiffs in such cases would never establish a *prima facie* case because the nature of an alleged RIF makes it such that the employer does not replace terminated employees.

The Supreme Court and the Third Circuit have expressly held that in an alleged RIF case a plaintiff need not show replacement, but rather, need only show that his or her company relied upon potentially illegal criteria in selecting him. In the instant case, this Court has already held that Mr. O'Hare demonstrated a sufficient inference of discriminatory intent but granted summary judgment because he did not demonstrate replacement.

Such an incorrect and rigid requirement would permit employers in RIF cases to freely terminate employees for discriminatory reasons so long as they do not replace the terminated employees. This is clearly a manifest injustice that severely prejudices not only Mr. O'Hare but all plaintiffs in RIF cases. Such an injustice should be corrected, and to the extent that this Court relied upon unopposed citations from Defendant, Plaintiff's undersigned counsel apologizes to this Court for not fully addressing the relevant *prima facie* test case law as it applies to alleged RIF cases.

V.   **Conclusion**

For the foregoing reasons, Mr. O'Hare respectfully requests that his Motion for Reconsideration be granted.

                          Respectfully submitted,

                          **KARPF, KARPF, VIRANT & SWARTZ**

By:   */s/ Jeremy M. Cerutti*
       Jeremy M. Cerutti, Esq.
       Ari R. Karpf, Esq.
       Attorneys for Plaintiff
       3070 Bristol Pike
       Bldg. 2, Ste. 231
       Bensalem, PA 19020

Dated: October 7, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL O'HARE | : |
| Plaintiff, | : Civil Action |
| v. | : |
| | : No. 08-2083 |
| MCLEAN PACKAGING CORPORATION | : |
| Defendant. | : |

### CERTIFICATE OF SERVICE

I certify on the date set forth below that I sent Plaintiff's Motion for Reconsideration to Defendant at the following address via ECF and first-class mail:

Barry S. Brownstein, Esq.
Spector, Gadon and Rosen, P.C.
Seven Penn Center
1635 Market St., 7th Floor
Philadelphia, PA 19103

**KARPF, KARPF, VIRANT AND SWARTZ**

*/s/ Jeremy M. Cerutti*
Jeremy Cerutti, Esq.

Dated: October 7, 2009

14